IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
Nathan Ramsey, on behalf of himself    : CIVIL ACTION
And all others similarly situated      :
                                       : NO. 07-635
v.                                     :
                                       :
Ryan Beck & Co., Inc.                  :
                                       :
                                       :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **July 31, 2007**

This case is now before the Court for resolution of Defendant's Motion to Dismiss ("D. Mot.") Counts Three and Six and the Class Allegations in Counts Four and Five of Plaintiff's Complaint ("P. Compl."). For the reasons below, the motion is granted as follows: (1) Counts Three and Six of Plaintiff's Complaint are DISMISSED WITH PREJUDICE[1] and (2) Counts Four and Five of Plaintiff's Complaint are DISMISSED WITHOUT PREJUDICE.

**Factual Background**

This case arises out of Defendant's alleged violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and the Pennsylvania Administrative Code ("PA Labor Laws"). Defendant purportedly violated these laws by failing to

---

[1] Because Plaintiff does not oppose Defendant's motion to dismiss Counts Three and Six of Plaintiff's complaint, the Court dismisses those counts with prejudice.

pay overtime to a certain group of its employees, namely its "Securities Brokers."[2] Plaintiff alleges that pursuant to the above laws, Securities Brokers are entitled to overtime compensation even if employers pay them primarily on the basis of commission. See P. Compl. at ¶ 1.

Plaintiff was formerly employed by Defendant as a Securities Broker. Id. at ¶ 29. On February 15, 2007, Plaintiff filed a Class/Collective Action Complaint in this Court. Plaintiff's complaint includes: (1) a nationwide collective action brought pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all Securities Brokers employed by Defendant to recover unpaid overtime compensation and (2) a state-wide class action brought pursuant to the PMWA, WPCL, and PA Labor Laws on behalf of all current and former Securities Brokers within Pennsylvania to recover unpaid overtime pay. See id. at ¶¶ 2-3.

Although Plaintiff in his original complaint presented a total of six counts, the Court only need address Counts Four and Five at this time.[3] Counts Four and Five involve class action claims based upon state law. See id. at ¶¶ 63-72. Plaintiff

---

[2] Plaintiff defines Securities Brokers as "individuals who sold and/or marketed securities and other financial products sold by Defendant." P. Compl. at ¶ 2.

[3] Defendant moved to dismiss only Counts Three, Six, Four and Five. Plaintiff did not oppose Defendant's motion to dismiss Counts Three and Six, and the Court has thus dismissed those Counts with prejudice.

asserts in these counts that class members have the right to receive overtime and other unpaid wages due to them by Defendant. See id.

Defendant argues that Counts Four and Five must be dismissed because opt-out class action claims brought pursuant to state law irreconcilably "conflict with the opt-in requirements" of the FLSA. D. Mot. at ¶ 2.  Defendant maintains that Plaintiff "impermissibly seeks simultaneously to assert both" an opt-in collective action pursuant to the FLSA and an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Defendant's Memorandum of Law ("D. Memo.") at ¶ 2.

### **Standards Governing Rule 12(b)(6) Motions to Dismiss**

Pursuant to Rule 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted, but only if it is clear that the plaintiff would not be entitled to relief under any set of facts. See Brothers v. Portage National Bank, No. 3:06-94, 2007 U.S. Dist. LEXIS 24326, at *6-7 (W.D. Pa. March 29, 2007).  When deciding a Rule 12(b)(6) motion, "all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff." Hyman v. WM Financial Services, Inc., No. 06-CV-4038, 2007 U.S. Dist. LEXIS 41433, at *3 (D.N.J. June 7, 2007) (citing Trump Hotels & Casino Resorts,

Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998)). The issue is not whether a plaintiff will ultimately prevail, but whether a plaintiff should be given an opportunity to offer evidence supporting his or her claim. See In re Rockefeller Center Properties, Inc., 311 F.3d 198, 215 (3d Cir. 2002). Courts are not required, however, "to credit bald assertions or legal conclusions improperly alleged in the complaint." Id. at 216.  Also, legal conclusions disguised as factual allegations "may not benefit from the presumption of truthfulness." Id.

### Discussion

As noted above, Defendant asserts that allowing Plaintiff to proceed with his state-law class action on an opt-out basis would "conflict irreconcilably" with Congress's express opt-in requirement for collective actions under the FLSA. D. Memo at ¶ 3.  Plaintiff, on the other hand, argues that neither case law nor legislative history supports Defendant's theory. See Plaintiff's Brief in Opposition To Defendant's Motion to Dismiss ("P. Brief") at ¶ 6.

Courts within the Third Circuit have developed two lines of analysis in resolving cases where a plaintiff simultaneously pursues a FLSA collective action and a Rule 23 state-law class action in federal court.  The first line of analysis addresses the incompatibility of FLSA and state-law class actions when

4

brought together under one lawsuit.  See Brothers, 2007 U.S. Dist. LEXIS 24326, at *10-12; Otto v. Pocono Health System, 457 F.Supp.2d 522, 523-24 (M.D. Pa. 2006). § 216(b) of the FLSA "expressly limits the scope" of collective actions involving overtime pay by requiring class members to affirmatively opt-in to the action. Id. at 523; see 29 U.S.C. § 216(b) ("[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party").

Congress adopted the opt-in procedure for FLSA collective actions in order to limit the number of plaintiffs in such actions to those who " 'asserted claim in their own right and...[to free] employers from the burden of representative actions.' " Id. at 523-34 (quoting Herring v. Hewitt Assoc., Inc., No. 06-267, 2006 U.S. Dist. LEXIS 56189, at *5-6 (D.N.J. August 11, 2006)); see also De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d. Cir. 2003)(Congress was seeking to define and limit the jurisdiction of the courts in creating the opt-in requirement).  Congress also sought to prevent the rights of absent individuals from being litigated without their "input or knowledge." Id. at 524.

In state-law class actions brought in federal court pursuant to Rule 23, class members have to opt-out of the class. Id. Within the Third Circuit, numerous courts have opined that

permitting a FLSA collective action to be litigated with a Rule 23 state-law class action would "nullify Congress's intent in crafting [FLSA] § 216(b) and eviscerate the purpose of § 216(b)'s opt-in requirement." See e.g., Otto, 457 F.Supp.2d at 524, 524 n.1; in accord, Brothers, 2007 U.S. Dist. LEXIS 24326, at *10-12. Although not binding upon the Court, we find Brothers, Otto, and the line of cases decided in our sister district court of New Jersey, which Brothers and Otto looked to for guidance, all to be persuasive. See Herring, 2006 U.S. Dist. LEXIS 56189, at *5-6 (§ 216(b) collective actions irreconcilably conflict with Rule 23 class actions when brought together under one lawsuit); Himmelman v. Continental Casualty Co., No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *4-6 (D.N.J. August 11, 2006)(same); Moeck v. Gray Supply Corp., No. 03-1950, 2006 U.S. Dist. LEXIS 511, at *15-16 (D.N.J. January 5, 2006) (same).  Therefore, the Court chooses to follow the decisions in the above stated cases, and thus determines that FLSA § 216(b) collective actions are incompatible with Rule 23 state-law class actions and cannot be brought together under one lawsuit.

Following a different line of analysis, other courts in this circuit have also evaluated these cases under the rubric of supplemental jurisdiction. See e.g. Hyman, 2007 U.S. Dist. LEXIS 41433, at *9 (refusing to exercise supplemental jurisdiction over

a state-law class action brought pursuant to Rule 23 while litigating a FLSA claim).  These courts have looked to the Third Circuit's reasoning in De Asencio, in which the Court ruled that the district court had abused its discretion in exercising supplemental jurisdiction over a state-law class action brought simultaneously with a FLSA collective action. See 342 F.3d at 307, 309-10 n. 14 (where a party seeks supplemental jurisdiction of a state-law action, jurisdiction is to be evaluated under the statutory principles of 28 U.S.C. § 1367).

District courts may decline to exercise supplemental jurisdiction over a state-law claim if: (1) it raises a novel or complex issue of state law or (2) it substantially predominates over the claim(s) over which the district court has original jurisdiction.[4] Id. at 307-08; see 28 U.S.C. § 1367(c); see also De Asencio, 342 F.3d at 308 (even if a district court facially has the power to hear supplemental claims, doing so in some situations may be an abuse of its discretion).

Courts should consider the following factors to determine if exercising supplemental jurisdiction would be appropriate: (1) "the scope of the state and federal issues," (2) "the terms of

---

[4]     28 U.S.C. § 1367(c) also states that district courts may decline to exercise supplemental jurisdiction over state-law claims if the court has dismissed all of the claims over which it has original jurisdiction or if, because of exceptional circumstances, there are other compelling reasons to deny jurisdiction.

proof required by each type of claim," (3) "the comprehensiveness of the remedies," and (4) "the ability to dismiss the state claims without prejudice." De Asencio, 342 F.3d at 312. This analysis must be "case-specific." Id.

In De Asencio, the Court determined that the plaintiffs' state-law claim brought pursuant to the WPCL substantially predominated over their FLSA claim and that their state claim raised a novel or complex issue of state law. See 342 F.3d at 309-12.  The Third Circuit noted that because of the importance of the wage-protection legal scheme in Pennsylvania, the "scope of the state issues may substantially predominate over the more straightforward federal scheme." Id. at 309-310 (observing that the WPCL does not create a right to compensation, but a statutory remedy when an employer breaches a contractual obligation to pay wages).  The Third Circuit also observed that differences in the comprehensiveness of remedies may support a finding that the state law claim substantially predominated over the FLSA claim. Id. 309, 310 n. 13 (the FLSA remedy is only for overtime pay and the WPCL remedy is broader).

The Third Circuit then pointed to Congress's "express preference" of an opt-in scheme for FLSA actions as "another countervailing interest" in relegating the state law claims to state court. Id. at 310-11 (describing Congress's opt-in mandate

as "a crucial policy decision").  Finally, the Third Circuit determined that Pennsylvania state courts had not addressed novel and complex issues of state law presented in the case. See De Asencio, 342 F.3d at 311 (state courts had not addressed whether the WPCL pertains to at-will, non-collective bargaining employees).

The facts of the present action are substantially similar to the facts of De Asencio.  Following the Third Circuit's reasoning in that case, the Court determines that it would be an abuse of its discretion to exercise supplemental jurisdiction over the state-law class action.  The WPCL and the other Pennsylvania laws upon which Plaintiff bases his state-law class action encompass a broader scope of the legal issues presented here than the FLSA action does. See Plaintiff's Complaint at ¶ 3; De Asencio, 342 F.3d at 310 (opining that the scope of a WPCL claim alone overshadowed that of a FLSA claim).  Furthermore, the breadth of the remedies available under Plaintiff's state-law claims differs substantially from remedies available under the FLSA. Id. at 310 n. 13 (FLSA remedy is for overtime alone and the WPCL remedy is broader).

Furthermore, Congress has not changed the opt-in requirement for FLSA collective actions.  Thus, Congress's explicit command that members opt-in to FLSA collective actions supports the

9

relegation of opt-out, state-law class actions to state court. See id. at 310.  Congress chose to "limit the scope" of representative actions under the FLSA, and Plaintiff's attempt to attach an opt-out class action onto a FLSA opt-in action presents a "countervailing interest" in letting state courts determine the state-law action. Id.

Like the plaintiffs in De Asencio, Plaintiff also brought his state-law claim under the WPCL. P. Compl. at ¶3; see 342 F.3d at 311.  The Pennsylvania courts have yet to address novel and complex questions of state law presented by this case, including whether the WPCL pertains to at-will, non-collective bargaining employees. See id.; see also Brothers, 2007 U.S. Dist. LEXIS 24326, at *14 (summarizing De Asencio without stating that any of the novel and complex questions of state law presented in that case had been resolved).  As these employees work on a commission basis, this Court assumes that the potential class members of the state-law claim are at-will, non-collective bargaining employees. See P. Compl. at ¶ 10. Finally, the Court is able to dismiss Plaintiff's state-law claims without prejudice so that he may file his class action in state court, so long as the statute of limitations has not yet run.  After considering the factors outlined by the Third Circuit in De Asencio, the Court finds that

it would be inappropriate to exercise supplemental jurisdiction over Plaintiff's state-law class action. <u>See</u> 342 F.3d at 312.

The Court finds that FLSA collective actions are inherently incompatible with Rule 23 state-law class actions, and thus cannot be brought simultaneously in federal court under one lawsuit. The Court further determines that to exercise supplemental jurisdiction over Plaintiff's state-law class action would be an abuse of its discretion. For the above reasons, the Court dismisses Counts Four and Five of Plaintiff's Complaint without prejudice.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nathan Ramsey, on behalf of himself And all others similarly situated | : CIVIL ACTION : : NO. 07-635 |
| v. | : : |
| Ryan Beck & Co., Inc. | : : : |

### ORDER

AND NOW, this 31st day of July, 2007, upon consideration of Defendant's Motion to Dismiss Counts Three and Six and the Class Allegations in Counts Four and Five of Plaintiff's Complaint (Document No. 8), it is hereby ORDERED that the Motion is GRANTED as follows:

    1.    Counts Three and Six of Plaintiff's Complaint are DISMISSED WITH PREJUDICE.

    2.    Counts Four and Five of Plaintiff's Complaint are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant is DIRECTED to file his Answer to Counts I and II of the Complaint within twenty (20) days of the date of this Order.

                                                          BY THE COURT:

                                                          s/J. Curtis Joyner
                                                          J. CURTIS JOYNER, J.